UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                           CASE NO.

**GULF STATES LONG TERM ACUTE CARE**                        **09-11116**
**OF COVINGTON, LLC**                                                        SECTION A

DEBTOR                                                                                    CHAPTER 11

REASONS FOR DECISION

This matter came before the Court on Gulf States Long Term Acute Care of Covington's ("Debtor") Objection to Proofs of Claim 54, 55, 56, and 59.[1] At the hearing on October 12, 2010, claims 55 and 59 were withdrawn by oral motion; the Court will enter an Order granting that relief. The Objection to Claims 54 and 56 remain. Upon completion of the hearing, the Court took the matter under advisement.

**I. Facts**

On April 20, 2009, Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. Debtor scheduled Louisiana Acute Dialysis Services ("LADS") as an unsecured creditor in the amount of $5,139.00, and John Simon, M.D. ("Simon") as an unsecured creditor in the amount of $14,850.00. LADS and Simon were also included on Debtor's mailing matrix and received all notices related to the case's administration. Northlake Nephrology ("Northlake") was neither scheduled as a claimant nor included in Debtor's mailing matrix.

Simon is the owner of LADS and Northlake.[2]

---

[1] P-539, 624.

[2] P-593, p. 1.

July 31, 2009, was the deadline for non-governmental parties to file proofs of claim.[3] Both Simon and LADS were served with the Notice of Bar Date.[4] Northlake was not.

On September 15, 2009, LADS filed claim 54 in the amount of $17,385.92, and "Northlake Nephrology/Dr. John Simon" filed claim 56 in the amount of $28,500.00.

Debtor's plan of reorganization ("Plan") was confirmed on February 22, 2010.[5]

## II. Law and Analysis

### Objection to Untimeliness

Debtor objected to claims 54 and 56 as untimely. The claimants plead "excusable neglect."[6] Bankruptcy Rule 9006(b)(1) provides that courts can "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

Simon avers that he believed counsel who was personally representing him in connection with a minority ownership in Debtor and in defense of the claim by Gemino" was also representing him and the related entities, Northlake and LADS, in filing proofs of claim. Simon's counsel avers that he was unaware until after the bar date that Simon, Northlake, and LADS had claims against Debtor.

"The 'excusable' neglect standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases."[7] Bankruptcy courts weigh four (4) factors in when determining if "excusable

---

[3] P-162.

[4] P-175.

[5] P-395.

[6] P-593.

[7] *Pioneer Inv. Services Co. v. Brusnswick Assoc. Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495 (1993).

neglect" exists. The factors to consider are: (1) "the danger of prejudice to the debtor"; (2) "the length of delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[8]

### Prejudice to Debtor

The late filing of a proof of claim prejudices the debtor when a chapter 11 "plan was formulated, negotiated, and confirmed before notice was given of a substantial late claim."[9]

Debtor's Disclosure Statement was not approved until December 17, 2009,[10] more than three (3) months after claims 54 and 56 were filed on September 15, 2009. While Debtor's original plan was filed on August 26, 2009, and prior to the filing of claims 54 and 56, Debtor subsequently filed three (3) amended plans. Debtor's Plan was not confirmed until February 22, 2010. Therefore, Debtor was aware of claims 54 and 56 well before its final Plan was formulated, negotiated, and confirmed. In addition, the claims are not material in relation to those held by other claimants. As a result, the late filing of the claims was not prejudical to Debtor.

### Length of Delay and Impact

Claims 54 and 56 were filed fifty-six (56) days late. Debtor's Plan provides a mechanism for objecting to disputed claims and a contingency for paying them should they become allowed.[11] The disclosures to the members of the class prior to confirmation are not materially changed by the inclusion of these claims. Nor are distributions to the other members of the class adversely affected

---

[8] *Id*. at 395.

[9] *In re Eagle Bus Mfg., Inc*. 62 F.3d 730, 737 (5th Cir. 1995).

[10] P-321.

[11] P-376, Section 6.06-6.07.

in a material way by inclusion of these claims. Therefore, there was no negative impact on the "efficient court administration of the case."[12]

### Reason for Delay

A key inquiry into the reason for delay is whether it was in the reasonable control of the claimant.

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant. ...[13]

> [R]eading Rule 9006(b)(1) inflexibly to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word "neglect" and would be at odds with the accepted meaning of that word in analogous contexts.[14]

The claimants assert that claims 54 and 56 were untimely as a result of a misunderstanding between attorney and client. The attorney avers that he was not aware that he was representing Simon's entities, Northlake and LADS. Courts must focus on whether the neglect of both attorney and client are excusable.[15] Simple inattention, carelessness, or misinterpretation of the law by an attorney may be excusable if the impact on the estate is not consequential and the parties are in good faith.[16]

LADS and Simon were both scheduled creditors and given all appropriate notices during the administration of the case. Simon actively participated in the administration of the case throughout its history and also received timely notices. Though Northlake did not receive separate notice, Simon owns Northlake. Despite actual knowledge of the case and all applicable bar dates, Simon,

---

[12] *Pioneer*, 507 U.S. at 385.

[13] *Id*. at 392.

[14] *Id.*

[15] *Id.* at 397.

[16] *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005).

Northlake and LADS failed to file timely proofs of claim.[17] All the claims were filed late and together, including those of Simon individually. The Court concludes that the reason for late filing was not due to lack of notice or a misunderstanding as to the scope of counsel's representation, but a lack of attention to the appropriate deadline.

For this reason, the Court finds that excusable neglect is not present.

### Good Faith

All parties have proceeded in good faith.

### III. Conclusion

For the Reasons set forth above, the Court will disallow as untimely Claim 54 filed by LADS and Claim 56 filed by Northlake.

New Orleans, Louisiana, November 19, 2010.

                                                          Hon. Elizabeth W. Magner
                                                        U.S. Bankruptcy Judge

---

[17] Claims 55 and 59, filed on behalf of Simon individually in the combined amount of $145,000.00 were originally subject to Debtor's Objection based on untimeliness. However, Simon withdrew those claims. P-705, 643.